## (December 28, 1966)

In the Matter of the Claim of NATHANIEL HEYWARD, Respondent, v. POWER SERVICE STATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—STALEY, JR., J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board. The claimant was employed as an automobile mechanic at the employer's station in The Bronx, New York. On January 16, 1965, Julio Rodriguez, a coemployee, picked up the payroll checks from the employer for delivery to the men working in the Bronx station. On Monday, January 18, 1965, the claimant requested a coemployee to open the safe to see if his check was there. The check was not there so the claimant, who worked until 4:00 P.M., waited for Rodriguez to come to work. He arrived at 6:30 P.M. and, when he was asked about the check, an argument ensued. Rodriguez got mad, tore up the check, went out to his car, got a shotgun and shot the claimant in the stomach. The testimony indicates that the argument developed over the refusal of Rodriguez to deliver the check unless the claimant paid him $50 for having damaged his car in an accident about two weeks prior to January 18, 1965. The appellants contend that claimant's injury did not arise out of and in the course of his employment. " The overwhelming weight of modern authority holds that assaults are compensable where the injury arises out of quarrels over the manner of doing the work of the employer * * * or over the use of tools or facilities for performing that work * * * or over shirking or sharing work * * * or over work matters * * * as distinguished from purely personal quarrels ". (*Matter of Commissioner of Taxation & Finance* v. *Bronx Hosp.*, 276 App. Div. 708, 712.) While it is true that the argument arose out of a dual relationship between the parties, one being personal, the other as a coemployee, the record sufficiently indicates that it was the failure of Rodriguez to deliver claimant's paycheck which precipitated the argument in the first instance. There would have been no argument if Rodriguez had left the check at the place of employment for the plaintiff, since then the claimant would not have waited for Rodriguez. Further, "when an injury is sustained in the course of employment it will be presumed as a matter of law that it did arise out of the employment in the absence of substantial evidence to the contrary." (*Matter of Humphrey* v. *Tietjen & Steffin Milk Co.*, 235 App. Div. 470, 471.) The record indicates that this presumption has not been overcome by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Reynolds, JJ., concur with Staley, Jr., J.