■ In the Matter of the Claim of ALBERT POSENATO, Appellant, v ROCKLAND BUS LINES et at., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation

Board, filed July 23, 1976, which reversed a referee's decision and disallowed a claim on the ground that claimant's accident did not arise out of and in the course of his employment. On August 2, 1973 while employed as a bus driver by Rockland Bus Lines, claimant was discovered, while on duty, in his bus on the side of a road apparently suffering some kind of seizure. It later developed that he had suffered a stroke, and he filed a claim for compensation benefits. Finding that the accident did not arise out of and in the course of claimant's employment, the board disallowed the claim and this appeal ensued. We hold that the decision of the board must be affirmed. Even assuming *arguendo* the applicability of a presumption under section 21 of the Workmen's Compensation Law to the effect that, since the accident occurred in the course of claimant's employment, it must be presumed to have arisen out of said employment (see *Matter of Heyward v Power Serv. Sta.*, 27 AD2d 618, mot for lv to app den 19 NY2d 579), we nonetheless find that there is substantial evidence in the record to the contrary which rebuts the presumption and amply supports the board's decision. In his medical report, Dr. Culleton, a specialist in neurology who examined claimant, indicates that claimant's history and behavior following the accident do not suggest a cerebral contusion, such as might have occurred in a collision, as the causative factor of the stroke, and the doctor further opines that claimant's attack was a spontaneous intra-cranial hemorrhage, which is quite common in hypertensive patients such as claimant, and that the incident was not work-related. Other evidence corroborates this thesis, i.e., claimant's own testimony that he blacked out, the hearsay testimony that a passing motorist reported that a bus was proceeding erratically down the road, the report of Dr. Librot, who saw claimant on the date of the accident, that "There was no external evidence of head injury", and the absence of any damage to the bus which would indicate that a significant collision had occurred. Under these circumstances, there is clearly substantial evidence supportive of the board's conclusion that the accident did not arise out of claimant's employment, but rather would have occurred whether or not he was at work at the time. Accordingly, the disallowance of the claim must be affirmed. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.